**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MITZI MCLEOD;           )
                           )
      Plaintiff,       )
                           )     CIVIL ACTION FILE NO.
vs.                    )
                           )     **JURY DEMAND**
SIGMAN VETERINARY CLINIC  )
AND CATHY SIGMAN,      )
                           )
      Defendants.    )

## COMPLAINT

COMES NOW, Mitzi McLeod, by and through undersigned counsel, and hereby brings this action against Defendants Sigman Veterinary Clinic and Cathy Sigman.

## NATURE OF THE ACTION

1.

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging that Defendants failed to pay the correct amount of overtime wages to Plaintiff throughout the term of her employment and then terminated her in retaliation for her exercise of rights protected under the FLSA.  With respect to Defendants' failure to pay overtime wages, Defendants are liable to Plaintiff for unpaid wages, liquidated damages, and reasonable attorney's fees.  With respect to Defendants' retaliatory termination of Plaintiff, Defendants are liable for front pay,

1

damages for emotional distress, liquidated damages, and all other relief to which Plaintiff is entitled.

## PARTIES

2.

Plaintiff is a citizen of Georgia and resides in Newton County.

3.

Defendant Sigman Veterinary Clinic ("Defendant Clinic") is a Georgia corporation with its principle place of business located in Newton County at 10257 Highway 142 North / Covington, GA 30014.  Defendant may be served with process at its place of business by delivering a copy of the complaint and summons to its Registered Agent and Chief Executive Officer Michael Sigman or to its Secretary, Cathy Sigman.

4.

Defendant Cathy Sigman is the Secretary of Defendant Clinic and is a citizen of Georgia.  She may be served with process personally, either at her home address in Covington, Georgia; at the Sigman Veterinary Clinic; or wherever she may be found.  Alternatively, Defendant Sigman may be served with process by leaving a copy of the summons and complaint with someone of "suitable age and discretion" residing at her home address.  Fed.R.Civ.P. 4.

## JURISDICTION AND VENUE

### 5.

The Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal question).

### 6.

Defendants are subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit because they are citizens of Georgia.

### 7.

Defendant Clinic is an employer covered by the FLSA because (1) it is an employer engaged in interstate commerce, (2) its employees (including Plaintiff) are engaged in interstate commerce, and (3) it has at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A).

### 8.

Defendant Cathy Sigman is an employer under the FLSA because, as Secretary of Defendant Clinic, she is a corporate officer with operational control of Defendant Clinic's covered enterprise. Defendant Cathy Sigman is involved in the day-to-day operation of Defendant Clinic and had direct responsibility for the supervision of Plaintiff. As such, Defendant Cathy Sigman is jointly and severally liable for Plaintiff's unpaid wages and other damages. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

9.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the events giving rise to Plaintiff's claims occurred within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## THE FACTS

10.

Plaintiff was employed as a veterinary assistant by Defendant from November of 2007 until August of 2011.

11.

Plaintiff was a non-exempt employee under the FLSA and its implementing regulations promulgated by the Department of Labor.

12.

Throughout her time as an employee, Plaintiff regularly worked overtime hours—i.e., hours in excess of forty (40) hours per week.

13.

Plaintiff worked a minimum of 490 hours of overtime over the three years preceding this lawsuit.

14.

On February 13, 2010; January 10, 2011; and January 11, 2011; Defendant Clinic and Defendant Cathy Sigman required Plaintiff to spend the night at Defendant Clinic's workplace so that Plaintiff would be available to work if the roads were covered with ice.   Defendants received a benefit from requiring Plaintiff to stay overnight at work, and Defendants were required to compensate Plaintiff for her overnight stay under the FLSA and its implementing regulations. However, Defendants did not compensate Plaintiff for this time.

15.

Defendant Clinic and Defendant Cathy Sigman tendered bi-weekly paystubs to Plaintiff in which Defendant Cathy Sigman would cross out with a pen or cover with permanent marker or white-out the row of the paystub showing Plaintiff's overtime rate of pay.

16.

On July 21, 2011, Plaintiff called Defendant Cathy Sigman and confronted her about her failure to pay Plaintiff for all hours worked.   Plaintiff also complained that Defendant Cathy Sigman used Plaintiff's sick leave and vacation pay without Plaintiff's knowledge or consent.

17.

Defendant Cathy Sigman responded by becoming extremely angry with Plaintiff and yelling at Plaintiff over the telephone so loudly that Plaintiff's mother could overhear her enraged voice.

18.

On August 8, 2011, Defendant Cathy Sigman submitted a Wage Statement to the Georgia State Board of Worker's Compensation that contained falsified time records for Plaintiff.

19.

Defendant Cathy Sigman's falsifications included, but were not limited to, claiming that Plaintiff took two-hour lunch breaks, when in reality, Plaintiff only took one hour for lunch.  Defendant Cathy Sigman incorrectly paid Plaintiff as if she had taken a two-hour lunch on numerous occasions, including, but not limited to: June 18, 2011; July 7, 2011; July 9, 2011; and July 10, 2011.

20.

Defendant Clinic and Defendant Cathy Sigman failed to pay Plaintiff for all hours worked by rounding down or merely ignoring actual hours worked as depicted on Plaintiff's timecards.  For example, Plaintiff worked 8 hours and 59 minutes on July 7, 2011, but she was only paid for 8 hours of work; Plaintiff worked 9 hours and 21 minutes on July 9, 2011, but she was only paid for 8 hours

of work; and Plaintiff worked 9 hours and 41 minutes on July 10, 2011, but she was only paid for 8 hours of work.

21.

On August 16, 2011, Plaintiff received a letter from Defendant Clinic stating that Plaintiff's position was terminated, effective immediately.

22.

As of September 21, 2011, Plaintiff has never received her time cards from Defendant Clinic or Defendant Cathy Sigman.

## COUNT ONE: FAILURE TO PAY OVERTIME

23.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

24.

Plaintiff is covered by the FLSA and was not an exempt employee.

25.

Defendants failed to pay Plaintiff overtime wages as required by 29 U.S.C. § 207(a).

26.

Pursuant to 29 U.S.C. § 216(b), Defendants are jointly and severally liable to Plaintiff for unpaid overtime wages, liquidated damages, and reasonable attorney's fees.

## COUNT TWO: WILLFUL FAILURE TO PAY OVERTIME

27.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

28.

Defendants willfully violated the FLSA's overtime provision, 29 U.S.C. § 207(a), by refusing to pay Plaintiff the correct amount of overtime wages.

29.

Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are jointly and severally liable to Plaintiff for three years of unpaid overtime wages, liquidated damages, and reasonable attorney's fees.

## COUNT THREE: FAILURE TO PAY STRAIGHT TIME

30.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

31.

Plaintiff is covered by the FLSA and was not an exempt employee.

32.

On various occasions throughout Plaintiff's time as an employee of Defendant Clinic, Defendants failed to pay Plaintiff any compensation for certain hours worked.

33.

Pursuant to 29 U.S.C. § 216(b), Defendants are jointly and severally liable to Plaintiff for unpaid straight time wages, liquidated damages, and reasonable attorney's fees.

## COUNT FOUR: WILLFUL FAILURE TO PAY STRAIGHT TIME

34.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

35.

Defendants willfully violated the FLSA's minimum wage provision, 29 U.S.C. § 206(a), by refusing to pay Plaintiff for hours worked.

36.

Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are jointly and severally liable to Plaintiff for three years of unpaid straight time wages, liquidated damages, and reasonable attorney's fees.

## COUNT FIVE: FLSA RETALIATION

37.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

38.

Plaintiff engaged in protected activity under the FLSA when she requested time cards from Defendants and complained about unpaid hours in July and August of 2011.

39.

Plaintiff suffered an adverse employment action when Defendants terminated her in August of 2011.

40.

Defendants terminated Plaintiff on account of her request for her timecards. Thus, there was a causal connection between Plaintiff's protected activities and Defendants' termination of Plaintiff.

41.

Defendants are jointly and severally liable to Plaintiff for front pay, damages for emotional distress, liquidated damages, and all other relief to which Plaintiff is entitled.

## COUNT SIX: ATTORNEY'S FEES

42.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

43.

Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for her reasonable attorney's fees.

WHEREFORE, Plaintiff seeks judgment against Defendants, and ask for relief as follows:

a. That Defendants be enjoined from further willful violations of their employees' rights to be paid in accordance with the FLSA;

b. that Plaintiff receive judgment against Defendants for unpaid wages dating back to three years from the date that this action is filed, or, in the alternative, for unpaid wages dating back two years from the date this action is filed;

c.  that Plaintiff receive judgment for liquidated damages equal to the amount of unpaid wages;

d.  that Plaintiff receive judgment for front pay, emotional distress, and liquidated damages;

e.  that Plaintiff receive judgment against Defendants for costs and attorney's fees in a sum that shall be proven at trial; and

f.  that Plaintiff have such other and further relief as the Court deems just and proper.

This 10th day of October, 2011.


**MAYS & KERR LLC**
260 Peachtree Street NW
Suite 2200
Atlanta, GA 30303
Telephone:  (404) 527-6231
Facsimile:   (877) 813-1845
Attorneys for Plaintiff

/s/    Jeff Kerr
Jeff Kerr
Ga. Bar No. 634260
jeff@maysandkerr.com

John L. Mays
Ga. Bar No. 986574
john@maysandkerr.com

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that this First Amended

Complaint has been prepared using Times New Roman 14 point font, as approved

by Local Rule 5.1C.

This 10th day of October, 2011.

<u>/s/     Jeff Kerr</u>

**MAYS & KERR LLC**                     Jeff Kerr
260 Peachtree Street NW             Ga. Bar No. 634260
Suite 2200                                    jeff@maysandkerr.com
Atlanta, GA 30303
Telephone:  (404) 527-6231         John L. Mays
Facsimile:   (877) 813-1845         Ga. Bar No. 986574
Attorneys for Plaintiff                   john@maysandkerr.com